UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TERESA M. JENSEN,                                                    09-CV-3020-TC

                    Plaintiff,

          v.                                                    OPINION AND ORDER

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.

COFFIN, Magistrate Judge:

### Introduction

Plaintiff Teresa M. Jensen brings this action pursuant to the Social Security Act, 42 U.S.C.

§ 405(g) (the Act), to obtain judicial review of a final decision the Commissioner of the Social

Security Administration (Commissioner) denying her claim she is disabled within the meaning of

the Act. For the reasons discussed below, I remand this case for further proceedings.

Plaintiff was born in 1966, and was 37 as of her alleged onset date in June 2004. (Tr. 63.)

She has completed the eleventh grade. (Tr. 91.) She has past work experience as a cashier in a

Page 1 - OPINION AND ORDER

restaurant and sales associate in a craft store. (Tr. 86).

The medical records in this case accurately set forth the Plaintiff's medical history as it relates to her claim for benefits. The court has carefully reviewed the medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be discussed below only as they are relevant to the issues before the court.

## Procedural Background

On June 21, 2005 plaintiff filed an application for a period of disability and disability insurance benefits. The claim was denied initially and upon reconsideration. On October 17, 2007, an Administrative Law Judge (ALJ) held a hearing, and on November 28, 2007, the ALJ issued a decision denying benefits. (Tr. 20.) Plaintiff requested review of the ALJ's decision. On January 30, 2009, the Appeals Council denied review, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Plaintiff timely filed an action in this court.

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996)(citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

## <u>Discussion</u>

Plaintiff asserts that the ALJ erred by:  (1) improperly rejecting the opinions and ultimate conclusions of plaintiff's physician, Dr. Katherine Greene, concerning the severity of plaintiff's impairments; (2) rejecting plaintiff's pain and other subjective symptom testimony without making specific findings stating clear and convincing reasons for doing so; (3) rejecting the lay testimony of plaintiff's father without stating reasons germane to the witness; (4) improperly basing his decision on the opinion of the vocational expert, which was based on an incomplete vocational hypothetical, and by disregarding the vocational expert's answer when questioned concerning plaintiff's actual condition as evidenced by the record; (5) improperly evaluating the combined effect of plaintiff's medically verified impairments and improperly considering whether they resulted in limitations equal in severity to those specified in the listings or resulted in limitations of disabling severity; and (6) failing to consider the record as a whole and weigh evidence both in support of and detracting from its decision.  (Doc. 19, p. 6.)

Page 3 - OPINION AND ORDER

**I.  Testimony of Examinig Psychologist Katherine Greene**

Plaintiff alleges that the ALJ improperly rejected the opinions and ultimate conclusions of

plaintiff's examining psychologist, Katherine Greene, Psy. D., concerning the severity of

plaintiff's impairments.  (Doc. 19, p. 9.)  For the following reasons, I remand this case so that the

ALJ may further consider Dr. Greene's opinion.

The Ninth Circuit distinguishes among the opinions of three types of physicians:  (1)

treating physicians; (2) examining physicians; and (3) non-examining physicians.  Lester v.

Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Where a treating or examining physician's opinion is

uncontradicted, the Commissioner must provide "clear and convincing" reasons for rejecting the

opinion.  Id.  The Commissioner may not reject the opinion of a treating or examining physician,

even if contradicted by another physician, unless the rejection is for specific and legitimate

reasons, supported by substantial evidence in the record.  Id. at 830-31.  The opinion of a

non-examining physician cannot, by itself, constitute such substantial evidence.  Id. at 831.

"The ALJ need not accept the opinion of any physician, including a treating physician, if

that opinion is brief, conclusory, and inadequately supported by clinical findings."  Thomas v.

Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  When determining the weight of the opinion of a

treating physician, the ALJ will consider the length of the treatment relationship and the

frequency of examination.  20 C.F.R. § 404.1527(d)(2)(i).  The ALJ will also consider the nature

and extent of the treatment relationship.  § 404.1527(d)(2)(ii).  "The more a medical source

presents relevant evidence to support an opinion, particularly medical signs and laboratory

findings, the more weight we will give that opinion.  The better an explanation a source provides

for an opinion, the more weight we will give that opinion."  § 404.1527(d)(3).  The ALJ "will

Page 4 - OPINION AND ORDER

always give good reasons in [the] notice of determination or decision for the weight [the ALJ

gives] your treating source's opinion." § 404.1527(d)(2).  To the extent that a physician's opinion

is based on claimant's subjective complaints, it is properly given the same weight as the

claimant's credibility. Tomapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

      Over the course of several months  in 2006, Dr. Greene performed a neuropsychological

evaluation on plaintiff. (Tr. 371.)  This evaluation was designed to assess plaintiff's emotional

and cognitive functioning. Id.  Dr. Greene noted that it took several months to complete the

evaluation because plaintiff was only able to handle short periods of testing each session due to

fatigue, headaches and low frustration tolerance. Id.  Dr. Greene administered a variety of

assessments to plaintiff, and interviewed the plaintiff about her life. Id.  Dr. Greene observed

that the tests were influenced by plaintiff's low frustration tolerance and migraines, but overall

were a good measure of her current functioning. (Tr. 374.)  Dr. Greene found no indications to

suspect malingering. Id.

      Dr. Greene found that the plaintiff had the following cognitive strengths and

vulnerabilities:  average intellectual functioning; moderately impaired speech; moderately

impaired attention and concentration skills; severely impaired executive functioning; moderately

impaired memory; intact visual-perception, but poor visual scanning and speed; mild to

moderately impaired fine motor skills, moderate to severe levels of depression and anxiety.  (Tr.

375.)  Dr. Greene noted: "Theresa[sic] has a combination of cognitive and emotional disabilities

that are together affecting her day-to-day activities.  Neuropsychological test results indicate

deficits in speech, attention and concentration, memory, and visual processing speed.

Theresa's[sic] language is not obviously impaired but her speech is remarkable for slight but

Page 5 - OPINION AND ORDER

obvious articulatory problems. I wonder about the possibility of Broca aphasia (motor expressive). Because of her speech change and complaints of memory glitches, she should be neurologically monitored (i.e., seizure or mini strokes). Over the months of working with her, she has proven to not be trusted to remember appointments or to maintain or follow through with assignments. She will need reminders and monitoring for follow up. Given her multiple cognitive deficits she meets the criteria **Cognitive Disorder NOS**." Id. (emphasis in original). Dr. Greene also noted that plaintiff has trouble controlling her frustration, is easily overwhelmed, and has no tolerance for stress. Id. Dr. Greene stated that these symptoms have manifested into generalized anxiety and panic attacks. Id. Dr. Greene also diagnosed plaintiff with Anxiety Disorder NOS, and found that plaintiff's conditions interfere with her day-to-day functioning. Id. Dr. Greene also made a rule out diagnosis for anxiety disorder due to medical condition with generalized anxiety and panic attacks. Id. Dr. Greene stated that plaintiff is unlikely to hold down a job at this point. Id.

Plaintiff argues that the ALJ improperly rejected Dr. Greene's opinions and ultimate conclusions concerning the severity of plaintiff's impairments. I agree and find that the ALJ did not properly consider Dr. Greene's opinions and ultimate conclusions; specifically, I find that the ALJ erred in concluding that Dr. Greene did not understand plaintiff's alcohol consumption.

The ALJ gave less weight to Dr. Greene's opinions and conclusions because Dr. Greene "did not have an accurate understanding of claimant's alcohol consumption." In his decision, the ALJ stated that a non-examining physician had noted that plaintiff had admitted to drinking one-half-pint of alcohol nightly. (Tr. 23.) He further noted that, "inconsistent with other reporting," psychologist Greene indicated that the claimant had not been drinking for several years." (Tr.

Page 6 - OPINION AND ORDER

27.) The record shows that plaintiff reported one period, lasting approximately two weeks in October 2005, where she consumed one-half-pint of alcohol nightly. (Tr. 302.) However, this two week period had ended by the time she discussed it with the examining physician. (Tr. 302.) While plaintiff does admit to past heavy alcohol use (tr. 296, 373, 474), there is no evidence on the record that excessive use of alcohol occurred at any point except this two week time in the disability period. In fact, plaintiff repeatedly and consistently reported occasional alcohol use of no more than a few drinks a month. (Tr. 218, 238, 296, 335, 380, 474.) Furthermore, Dr. Greene did not state that plaintiff had not been drinking for several years; rather, the psychologist had inquired about plaintiff's reported and notable periods of substance abuse. (Tr. 373.)

Defendant contends that the ALJ's findings about plaintiff's alcohol use did not impact his finding that plaintiff was not disabled. (Doc. 20, p. 17.) However, after reviewing the record, I cannot agree. It is clear that the ALJ gave less weight to Dr. Greene's opinion because he found that Dr. Greene's opinion did not reflect an accurate understanding of plaintiff's alcohol use. Accordingly, I find that the ALJ erred in discounting Dr. Greene's conclusions based on the ALJ's unsupported conclusion that plaintiff was abusing alcohol.

Moreover, I find that the ALJ erred in finding that Dr. Greene's conclusions were based primarily on plaintiff's assumed physical limitations. (Tr. 27). The record establishes that Dr. Greene's assessed plaintiff's impairments independently of plaintiff's assumed physical limitations. For example, Dr. Greene's conclusions note that "[o]n the Grooved Pegboard, a task of fine motor dexterity, Theresa[sic] performed in the *Borderline* range for dominant right hand and *Low Average* range for non-dominant left hand." (Tr. 375.)(emphasis in original). It is true that Dr. Green also included plaintiff's report of carpal tunnel syndrome in both hands in her

report, but the record establishes that the diagnosis of plaintiff's impairments was based on independent testing performed by Dr. Greene. Further, Dr. Greene's opined that plaintiff's visual perception was intact, but her visual processing and attention speed were poor. (Tr. 375.) The record reflects that Dr. Greene based her conclusion on the results of her testing, not on plaintiff's self-report about the location of her tumor. (Tr. 375-76.)

I remand for further consideration of Dr. Greene's opinion in light of the evidence on the record regarding plaintiff's alcohol abuse and the evidence establishing that Dr. Greene's conclusions were based on results of testing rather than plaintiff's self-reported impairments.

## II. Credibility of Testimony

Next, plaintiff argues that the ALJ erred by rejecting plaintiff's pain and other subjective symptom testimony without making specific findings stating clear and convincing reasons for doing so. I find that the ALJ's determination of plaintiff's credibility is not supported by substantial evidence on the record.

It is the ALJ's job to resolve conflicts and questions of credibility, and we must uphold those findings if they are based on substantial evidence. See Sample, 649 F.2d at 642. The ALJ is required to consider a Social Security claimant's testimony relating to subjective symptoms, such as pain or depression. 20 C.F.R. § 404.1529; Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). Where the plaintiff produces objective medical evidence of an impairment which could reasonably be expected to cause some degree of pain or other symptoms, and the record does not show malingering, the ALJ may reject the plaintiff's testimony regarding the severity of her pain or other symptoms only if he makes specific findings which state clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12

Page 8 - OPINION AND ORDER

F.3d 915, 918 (9th Cir.1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v.

Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

However, the ALJ "cannot be required to believe every allegation of disabling pain," even

when the claimant introduces medical evidence the shows a condition that would be expected to

produce some pain.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).  In weighing the claimant's

credibility, the ALJ may consider:   "Claimant's reputation for truthfulness, inconsistencies either

in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her

work record, and testimony from physicians and third parties concerning the nature, severity, and

effect of the symptoms of which claimant complains." Thomas v. Barnhart, 278 F.3d 947, 958

-959 (9th Cir. 2002)(quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.

1997)(internal brackets omitted).

Here, the ALJ concluded:

> "Whereas the specialists at OHSU have ultimately concluded that there has not
> been a recurrence of the claimant's previous (benign) tumor, the claimant's
> reported symptoms of tremors, weakness, headaches, vertigo, and dizziness are
> not reasonably attributed to a physical impairment.  Although Dr. Greene
> apparently accepted the claimant's statements that she had discontinued drinking
> since 1994, the claimant acknowledged at the hearing that she still drinks.  The
> aforementioned symptoms reasonably result from the claimant's
> drinking/hangovers, but as indicated above, symptoms/limitations from substance
> abuse ultimately cannot be used to support a finding of disability."

(Tr. 24.)  I find that the underlying record does not support the ALJ's factual assumptions which

lead to his conclusion that plaintiff's symptoms are based on her alcohol abuse.  The ALJ based

his credibility findings on the premise that specialists at OHSU have "ultimately concluded" there

has been no recurrence of the plaintiff's previous tumor when, in fact, the record is inconclusive

as to whether plaintiff is experiencing a recurrence of her previous tumor.  The record establishes

Page 9 - OPINION AND ORDER

that plaintiff's treatment providers at OHSU have concluded there may be some degree of regrowth of plaintiff's tumor, and recurrence of many of the symptoms plaintiff had experienced with her previous tumor.  Throughout her treatment at OHSU, she complained of headaches, dizziness, irritability, weakness, confusion, short-term memory loss, swelling, weight gain, acne, hair loss, sleep disturbance, and nausea. (Tr. 265, 266, 268, 270, 283, 289, 292, 295).  Plaintiff's MRIs showed a small left posterior pituitary macroadenoma.  (Tr. 284, 290, 296.)  Her doctor wondered if the "small residual remaining tumor at the pituitary could be potentially hormonally active." (Tr. 264.)  He then noted that after a week of testing for hypercortisolemia, the test results were equivocal, and further monitoring will be needed.  Id.  In short, it is not clear whether plaintiff's tumor has reoccurred, so the ALJ's finding that it had not and therefore her symptoms could not be attributable to such reoccurrence is not supported by the record.

I note that OHSU's records regarding plaintiff's tumor are inconsistent with the statements of plaintiff's nurse practitioner (tr. 425) and it is generally the duty of the ALJ to resolve such inconsistencies.  In this instance, however, the ALJ did not resolve the inconsistency, instead, he misconstrued OHSU records.

I remand this matter for further consideration of plaintiff's credibility in light of the fact that it is not clear whether plaintiff's tumor has reoccurred.

### III. Lay Witness Testimony

The plaintiff next argues that the ALJ failed to state reasons germane to the witness for rejecting the lay testimony of plaintiff's father, Mr. Eugene Echelstin.  (Doc. 19, p. 23.)  "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work."  Stout v. Comm'r, Soc. Sec. Admin., 545 F.3d 1050,

1053 (9th Cir. 2005). Because lay testimony as to a claimant's symptoms or how an impairment

affects ability to work is competent evidence, it cannot be disregarded without comment. Id.

Accordingly, if the ALJ discounts lay testimony, he must give reasons that are germane to each

witness. Id.

    In this case, the ALJ noted: "The father's reporting regarding the claimant's limitations is

accepted as descriptive of the witnesses's perceptions, however, it does not provide sufficient

support to alter the residual functional capacity arrived at herein. The behavior observed by the

witness is not fully consistent with the medical and other evidence of record." (Tr. 28.) As noted

above, the ALJ failed to properly consider Dr. Greene's report and other evidence of record.

Given that the ALJ did not properly consider the evidence of record, the ALJ was not able to

fully consider the lay witness's testimony in light of all of the relevant medical evidence. I

remand for further consideration of the lay witnesses testimony in light of the ALJ's

reconsideration of the medical evidence of record.

## IV.  Vocational Testimony

    Plaintiff next alleges that the ALJ erred by basing his decision on the opinion of the

vocational expert, based on an incomplete hypothetical, and by disregarding the vocational

expert's answer when questioned concerning plaintiff's actual condition. (Doc. 19, p. 25.) As

noted above, I have found that the ALJ did not properly consider all evidence of record. Given

that the ALJ did not properly consider the evidence of record, the ALJ did not have full

information regarding the plaintiff's conditions when he crafted his hypothetical. As such, on

remand, the ALJ shall re-phrase the hypothetical in light of his reconsideration of the medical

evidence of record.

Page 11 - OPINION AND ORDER

## V.  Consideration of the Record

Finally, plaintiff makes two allegations that essentially relate to the ALJ's consideration of the record.  Plaintiff alleges that the ALJ improperly evaluated the combined effect of plaintiff's medically verified impairments and improperly considered whether they resulted in limitations equal in severity to those specified in the listings or resulted in limitations of disabling severity.  Plaintiff also alleges that the ALJ failed to consider the record as a whole and weigh evidence both in support of and detracting from its decision.  While neither plaintiff nor defendant briefed these issues, I find that they have been sufficiently considered and addressed in the above discussions relating to the ALJ's use of Dr. Greene's evaluation, and the consideration of plaintiff's credibility.

### Conclusion

For the reasons discussed above, I remand the Commissioner's decision for reconsideration in accordance with this opinion and order. Specifically, the ALJ should reconsider Dr. Greene's evaluation in light of the level of alcohol use demonstrated by the record and in light of the results of Dr. Greene's independent testing,  reconsider plaintiff's symptoms that may potentially be related to her tumor recurrence in light of the level of alcohol use demonstrated by the record, reconsider the lay witness testimony in light of the reconsideration of the medical evidence of record, reconsider the hypothetical posed to the vocational expert in light of the reconsideration of the medical evidence of record, and further develop the record as necessary.

//

//

Page 12 - OPINION AND ORDER

IT IS SO ORDERED

DATED this _13ᵗ_ day of April 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge